UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LIBERTY MUTUAL FIRE INSURANCE
COMPANY AND SUBSIDIARIES,

**05  1 1 049 RCL**

Plaintiff,      MAGISTRATE JUDGE Alexander

v.

UNITED STATES OF AMERICA,

Defendant.

COMPLAINT

)
)
)
)
)
)
)
)
)
)
)
)

Civil No. ____

RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK_____
DATE _____

Plaintiff Liberty Mutual Fire Insurance Company and Subsidiaries ("Fire") brings this

action and respectfully makes the following numbered allegations. The allegations in this

complaint apply to the year ended December 31, 1990, unless otherwise specified.

## JURISDICTIONAL AND GENERAL ALLEGATIONS

1.      Plaintiff Fire is a corporation organized under the laws of the State of

Massachusetts, with its principal office located at 175 Berkeley Street, Boston, Massachusetts

02117.

2.      Defendant is the United States of America.

3.      This action arises under the Internal Revenue Code of 1986 (Title 26, United States Code) and is a suit for the recovery of federal income taxes and related interest erroneously and illegally assessed against and collected from plaintiff for the taxable year ending December 31, 1990 (taxable year 1990).

4.      Jurisdiction is conferred upon the Court by 28 U.S.C. § 1346(a)(1) and plaintiff brings this action in accordance with the requirements of 26 U.S.C. § 7422(a).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1402(a)(2).

6.      This action has been filed within the period of time specified in 26 U.S.C. § 6532(a).

7.      Plaintiff has made no transfer or assignment of the claims herein presented or any part thereof and is the owner of the claims.

8.      No action on the claims presented herein has been taken by the Congress of the United States or by any of the departments of the government, other than action by the Treasury Department as hereinafter described.

9.      No other suit or process by plaintiff, or any assignee, is pending on the claims presented herein in any other court.

Treatment of Salvage and Subrogation Prior to January 1, 1990

10.     An insurance company is required to report salvage and subrogation (collectively "Salvage") on its Annual Statement filed with the state insurance department in its state of domicile.

11.     Prior to January 1, 1990, an insurance company was required to account for Salvage, including amounts to which the company had a current right but had not yet collected

-2-

("Salvage Recoverable") on its Annual Statement under the guidelines established by the National Association of Insurance Commissioners ("NAIC"). However, state insurance departments applied no uniform standard for all Salvage.

12.    Prior to January 1, 1990, 26 U.S.C. § 832(b)(5)(A) required taxpayers, when calculating losses incurred, to reduce losses paid during the year by the increase in the Salvage Recoverable balance for the year (by adding Salvage outstanding at the end of the preceding taxable year and deducting Salvage outstanding at the end of the taxable year).

13.    Treas. Reg. § 1.832-4, prior to its amendment by T.D. 8171, 1988-1 C.B. 266 (Dec. 30, 1987), provided that the Salvage adjustment to losses paid should include all Salvage in the course of liquidation, but not if excluded by regulations of the insurance department of any state in which the company transacted business. As a result, for tax purposes insurance companies generally reflected the amount of Salvage as shown on the Annual Statement.

14.    Because the method by which Salvage was taken into account on the Annual Statement varied among companies and product lines, prior to January 1, 1990, all insurance companies did not treat all Salvage the same for tax purposes.

15.    Some insurance companies took all Salvage into account only when actually recovered and reduced to cash by the insurance company ("Cash Method") in computing losses incurred for tax purposes.

16.    Some companies were permitted to estimate their liability for unpaid losses on the Annual Statement using methods which reflected a reduction of gross losses for estimated Salvage (resulting in unpaid losses net of estimated Salvage). As a consequence, this Salvage was reflected on the Annual Statement on an estimated basis ("Estimated Method"). These

-3-

companies estimated their liability for unpaid losses using the Estimated Method in computing losses incurred for tax purposes.

17.    In other cases, insurance companies took some Salvage into account using the Cash Method and other Salvage using the Estimated Method (by netting estimated Salvage in determining their unpaid losses) when computing losses incurred for tax purposes.

## Plaintiff's Treatment of Salvage

18.    On its federal income tax returns for taxable years prior to 1990, plaintiff computed losses incurred using the Estimated Method of accounting for certain Salvage and the Cash Method of accounting for all other Salvage.

19.    Plaintiff's initial determination of the full amount of its Salvage Recoverable at December 31, 1989, was later corrected and increased after plaintiff received final reports of Salvage amounts from mandatory insurance pools in which plaintiff was required to participate.

20.    The amount of plaintiff's Salvage Recoverable at December 31, 1989, as corrected, was $26,526,336. Of this amount, $19,650,029 was reflected on plaintiff's Annual Statement books for 1989 (by netting it in unpaid losses) ("Booked Salvage") and was taken into account for tax purposes for 1989 using the Estimated Method. The balance, $6,876,308, was not reflected on plaintiff's Annual Statement books for 1989 ("Non-Booked Salvage"), but would have been recorded for Annual Statement and tax purposes in a later year under the Cash Method.

21.    In computing taxable income for 1989, plaintiff used the amount of Salvage taken into account on its Annual Statements for 1989, as required by Treas. Reg. § 1.832-4(d)(2).

-4-

22.     In 1990, section 11305(a) of the Revenue Reconciliation Act of 1990, Pub. L. No. 101-508, 104 Stat. 1388 ("1990 Act") amended 26 U.S.C. § 832(b)(5) to require taxpayers to take all Salvage Recoverable into account using the Estimated Method, effective for taxable years beginning after December 31, 1989.

23.     To provide transition relief for taxpayers, section 11305(c)(2) of the 1990 Act provided that the change in law was to be treated as a change in method of accounting and that only 13% of the adjustment otherwise required to be taken into income under 26 U.S.C. § 481 needed to be taken into account. This 26 U.S.C. § 481 adjustment of 13% was to be spread equally over 4 years. Under this transition rule ("Fresh Start Transition Rule"), the remaining 87% of Salvage Recoverable that otherwise would have been taken into account under 26 U.S.C. § 481 was forgiven and never required to be included in income.

24.     Section 11305(c)(3) of the 1990 Act provided that any company that took estimated Salvage Recoverable into account in determining losses incurred for a year before 1990 was allowed a "Special Deduction" equal to 87% of the amount of estimated Salvage Recoverable taken into account at the close of 1989, spread equally over 4 years ("Special Deduction Transition Rule").

25.     The 1990 Act required plaintiff to change its accounting method in 1990 to take all Salvage into account using the Estimated Method. The amount of the 26 U.S.C. § 481 adjustment that was otherwise required (but for the Fresh Start Transition Rule) to be taken into account is the amount of plaintiff's Non-Booked Salvage — the amount of Salvage Recoverable at December 31, 1989, which would have been taken into income in 1989 under the Estimated Method, but which was not taken into income in 1989 because plaintiff used the Cash Method

-5-

with respect to Salvage. (No change was required with respect to Booked Salvage, which plaintiff took into income in 1989 under the Estimated Method.)

26.    Under the Fresh Start Transition Rule, plaintiff reported one-fourth of 13% of its closing 1989 Non-Booked Salvage in income on its original federal income tax return for 1990.

27.    Plaintiff's Booked Salvage was the amount of estimated Salvage it took into account in determining losses incurred for the year 1989. Under the Special Deduction Transition Rule plaintiff claimed a Special Deduction of $4,072,002 on its original federal income tax return for 1990.

28.    Because of the lack of final guidance from the Internal Revenue Service ("IRS") concerning the 1990 Act transition rules, plaintiff included in its original 1990 tax return a statement reserving the right to claim different treatment of its Salvage on an amended return.

29.    On September 21, 1992, after the due date for the filing of plaintiff's tax return for 1991, the IRS published Rev. Proc. 92-77, 1992-38 I.R.B. 29, which provided guidance for insurers required to include an estimate of Salvage Recoverable in income under the 1990 Act.

30.    Rev. Proc. 92-77 allows a taxpayer that took estimated Salvage Recoverable into account on its Annual Statement to gross up the amount of unpaid losses at year-end by the amount of estimated Salvage Recoverable reflected on that Annual Statement as a reduction in unpaid losses. The amount of the gross-up under the Revenue Procedure has the effect of increasing the taxpayer's deduction for losses incurred. If the first year the taxpayer uses this gross-up treatment is 1990, Rev. Proc. 92-77 allows the entire deduction effect of the gross-up to be taken into account in taxable year 1990.

31. Rev. Proc. 92-77 also allows the Fresh Start Transition Rule to be applied to the full amount of Salvage Recoverable, including the portion taken into account on the Annual Statement but reversed by the gross-up.

32. After Rev. Proc. 92-77 was released, plaintiff filed, on September 15, 1993, a request for an affirmative adjustment for taxable year 1990 with respect to the transition treatment of Salvage consistent with the new IRS guidance provided by Rev. Proc. 92-77. The affirmative adjustment requested by plaintiff included reversal of the Special Deduction under the Special Deduction Transition Rule and application of the Fresh Start Transition Rule to the full amount of plaintiff's Salvage Recoverable at December 31, 1989. The affirmative adjustment also claimed the gross-up of undiscounted unpaid losses at the end of 1990 for an amount that included Booked Salvage, and the resulting increase in the deduction for losses incurred for 1990.

33. At the same time, Plaintiff also claimed an affirmative adjustment for the increased amount of Booked Salvage attributable to the correction described in paragraph 19.

## Plaintiff's Claim for Taxable Year 1990

34. On its timely filed consolidated federal income tax return for taxable year 1990, plaintiff accounted for Salvage using the Estimated Method, as required by the 1990 Act. The 1990 return also reflected application of the Fresh Start Transition Rule (in appropriate part) and the Special Deduction Transition Rule (in appropriate part), and reflected appropriate deductions and income in the amounts alleged above in paragraphs 18 to 33.

35. On audit, the IRS accepted the corrected amount of plaintiff's year-end 1989 Booked Salvage (described in paragraph 19) and allowed an additional Special Deduction of \$288,203 attributable to the correction.

36. On audit, the IRS disallowed the application of Rev. Proc. 92-77 claimed by plaintiff.

37. The IRS erred in disallowing the application of Rev. Proc. 92-77 claimed by plaintiff.

38. On audit, the IRS also disallowed entirely the application of the Fresh Start Transition Rule and required inclusion of 100% of Non-Booked Salvage, instead of one-fourth of 13% of Non-Booked Salvage.

39. The IRS erred in disallowing the application of the Fresh Start Transition Rule claimed by plaintiff.

40. There is no authority to support the IRS's position that the full amount of Booked Salvage is to be included in taxable income in 1990.

41.      Treas. Reg. § 1.832-4(e)(2)(iii), promulgated January 28, 1992, provides that a company that claims a Special Deduction under the Special Deduction Transition Rule must implement the change in method of accounting for estimated Salvage Recoverable for post-1989 taxable years using a "cut-off" method.

42.      On audit, the IRS did not apply the cut-off method for Non-Booked Salvage as provided by Treas. Reg. § 1.832-4(e)(2)(iii).

43.      The IRS erred in not applying the cut-off method for Non-Booked Salvage.

44.      The IRS abused its discretion in failing to allow plaintiff's refund, including because it failed to allow plaintiff the tax results authorized by Rev. Proc. 92-77, while allowing such tax results to plaintiff's competitors and other similarly situated taxpayers.

45.      After resolving other issues for 1990 with the Appeals Division of the IRS, on or after November 22, 2002, plaintiff paid $4,433,536 for additional tax and interest proposed by the IRS to be due for 1990.

46.      On October 6, 2004, plaintiff sent, by certified mail, claims for refund for taxable year 1990 to the IRS at Andover, Massachusetts and Ogden, Utah, claiming a tax refund due and owing in the amount of $3,486,552, together with erroneously assessed and statutory interest, on the basis that the IRS erroneously adjusted plaintiff's income and disallowed plaintiff's claimed treatment of Salvage under the 1990 Act and Rev. Proc. 92-77.

47.      The name, address and employer identification number appearing on the claims for refund for taxable year 1990 is:

> Liberty Mutual Fire Insurance Company
> 175 Berkeley Street
> Boston, MA 02117

-9-

EIN:   04-1924000

48.     Plaintiff is entitled to recovery of the taxes alleged above in paragraph 34 to 46, and related interest according to law, because it is entitled to the treatment provided by Rev. Proc. 92-77. Plaintiff is permitted to a gross-up of its undiscounted loss reserves at the end of 1990 for an amount that included the amount of Booked Salvage, resulting in an increase to its deduction for losses incurred. Plaintiff is also permitted to apply the Fresh Start Transition Rule to the entire amount of Salvage Recoverable at December 31, 1989, and include in income only one-fourth of 13% of that amount.

49.     In the alternative, plaintiff is entitled, under the 1990 Act, to apply the Fresh Start Transition Rule with respect to its Non-Booked Salvage, together with the Special Deduction with respect to its Booked Salvage. As a result, under this alternative in 1990, plaintiff is entitled to include only one-fourth of 13% of its Non-Booked Salvage in income and receive a Special Deduction equal to one-fourth of 87% of its Booked Salvage.

50.     Further in the alternative, plaintiff is entitled to use the cut-off method provided by Treas. Reg. § 1.832-4(e)(2)(iii) for Non-Booked Salvage, together with a Special Deduction with respect to Booked Salvage. As a result, under this alternative in 1990, plaintiff would include in income the amount of Non-Booked Salvage actually received and take a Special Deduction equal to one-fourth of 87% of Booked Salvage.

51.     For the foregoing reasons, plaintiff overpaid its federal income tax for taxable year 1990 and is entitled to a refund of tax in the amount of $3,486,552, plus assessed interest and statutory interest, or such other amount as required by law.

-10-

52.    Although repayment has been demanded, no part of such overpaid tax of
$3,486,552 or related interest has been credited, remitted, refunded or repaid to plaintiff or to
anyone on its account.

## PRAYER FOR RELIEF

Plaintiff prays for judgment in its favor against defendant, the United States of America,

in the amount of $3,486,552 in overpaid taxes, and assessed interest, plus statutory interest

related thereto, or such other amount as this Court may determine, together with interest, and for

such other relief as may seem just and proper to this Court.

Respectfully submitted,

May 16 ____, 2005

John A. Lacaire
Black, Cetkovic, & Whitestone
200 Berkeley Street Floor 16
Boston, MA 02116

Peter H. Winslow
Joseph A. Sergi
Scribner, Hall & Thompson, LLP
Suite 1050
1875 Eye Street, N.W.
Washington, D.C. 20006-5409
Telephone: (202) 331-8585

-12-

%JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Liberty Mutual Fire Insurance
Company and Subsidiaries

**(b)** County of Residence of First Listed Plaintiff    Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John A. Lacaire - Black, Cetkovic, & Whitestone
200 Berkeley Street Floor 16, Boston MA 02116    (617) 236-1900

## DEFENDANTS
United States of America

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☒ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☒ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | | | Under Equal Access |
| | Employment | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | | | ☐ 950 Constitutionality of |
| | Other | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | |

Under **PERSONAL INJURY** torts column:
☐ 362 Personal Injury -
Med. Malpractice
☐ 365 Personal Injury -
Product Liability
☐ 368 Asbestos Personal
Injury Product
Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal
Property Damage
☐ 385 Property Damage
Product Liability

**PRISONER PETITIONS**
☐ 510 Motions to Vacate
Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
26 U.S.C. § 832

Brief description of cause:
Suit for refund of federal income taxes and related interest

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $3,486,552.00
plus related interest

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
May 16, 2005

SIGNATURE OF ATTORNEY OF RECORD
John G. Lari

## FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

1. Title of case (name of first party on each side only)_____
   Liberty Mutual Fire Insurance Company v. United States

2005 MAY 18  P 2: 29

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local
   rule 40.1(a)(1)).

U.S. DISTRICT COURT
DISTRICT OF MASS

☐  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

☐  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
         740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

☐  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
         315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
         380, 385, 450, 891.

☑  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
         690, 810, 861-865, 870, 871, 875, 900.

☐  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this
   district please indicate the title and number of the first filed case in this court.
   Liberty Mutual Insurance Company and Subsidiaries v. United States (filed concurrently)

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                          YES ☐      NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC
   §2403)
                                                          YES ☐      NO ☑
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                          YES ☐      NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                          YES ☐      NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
   Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                          YES ☑      NO ☐

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☑          Central Division ☐          Western Division ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
        residing in Massachusetts reside?

        Eastern Division ☐          Central Division ☐          Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes,
   submit a separate sheet identifying the motions)
                                                          YES ☐      NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    John A. Lacaire
ADDRESS   200 Berkeley Street Floor 16, Boston MA 02116
TELEPHONE NO.   (617) 236-1900

(CategoryForm.wpd - 5/2/05)